José Vallines Collazo, Plaintiff and Appellee, v. Rosalía Sánchez Ocaña, Defendant and Appellant.

No. 6869. Argued January 23, 1936.—Decided March 27, 1936.

*La Costa & La Costa* for appellant. *Lemuel Marqués, Jr.,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

On October 1, 1913, José Vallines Collazo purchased, for the price of $1,500, a certain undivided interest in a rural property situated in the Ward of Río Hondo, of Comerío, which belonged to Rosalía Sánchez Ocaña. Of the $1,500 the plaintiff paid at the time the contract of purchase and sale was executed the sum of $300, there remaining a balance of $1,200 to be paid, $300 each year on October 1, of the years 1914, 1915, 1916, and 1917, or before said date, without interest, it being stipulated that in case of default, interest at the rate of 1 per cent monthly from the date of maturity would be paid. To secure said balance the purchaser constituted a voluntary mortgage in favor of the vendor on the undivided interest acquired.

Plaintiff alleges that he has paid in full said balance and that defendant, in spite of demands made to that effect, has not executed in favor of plaintiff the corresponding release.

Defendant in her answer admitted that plaintiff paid $200 as the annual instalment which was due on October 1, 1914, and $300 for that which became due in 1915, and has failed to pay the other instalments and the balance of the instalment due in 1914, as well as the interest due by reason of the default in such payment, plaintiff being indebted to defendant in the sum of $700, with interest thereon at the rate of one per cent monthly from October 1916. Defendant also filed a cross complaint, praying that plaintiff be adjudged to pay to her the sum which according to her allegations he owed.

The district court rendered judgment ordering defendant to execute a deed of satisfaction and cancellation of mortgage in favor of José Vallines Collazo, and dismissed the cross complaint, imposing costs on the defendant.

An appeal was taken from said judgment, and four errors are attributed to the lower court which may be considered jointly, as they refer to the weighing of the evidence and to the costs imposed on defendant.

█ █ It is claimed that the district court erred in concluding that plaintiff paid to Miguel Muñoz, as attorney in fact of defendant, the balance he owed of the deferred price. The lower court in its findings of fact does not state that plaintiff paid to Miguel Muñoz the full amount of the debt. It declares, on the contrary, that he paid to said gentleman, as attorney in fact of defendant, all that he owed of the deferred price, with the exception of $350 paid by Enrique Ponsa Parés, attorney for plaintiff, to Mr. O. M. Wood, attorney for defendant, in payment of the balance due on the mortgage which was sought to be recovered by said defendant from plaintiff in a suit brought by said lady against him in the Municipal Court of San Juan. The lower court bases its conclusions on the oral evidence as well as

on a document signed by O. M. Wood, attorney for defendant Rosalía Sánchez Ocaña, which was admitted in evidence without objection.

Miguel Muñoz Escalera, a witness for defendant, testified that he had been appointed attorney in fact of Rosalía Sánchez, to collect from José Vallines a debt arising from the sale of a property by instalments. This witness admitted that he received the first instalment, and stated that he did not remember having received the others. The attorney for plaintiff continued to question him whether he did not remember or whether he did not receive them and the witness continued to state that he did not remember. Defendant himself admitted in her answer filed that plaintiff paid the first instalment of $300 and $200 more corresponding to the second instalment. In her testimony she ratified the payment of this sum and denied that the sum of $700, balance of the debt, nor the interest on the same had been paid.

José Vallines testified that he received a letter from defendant informing him that she had left Miguel Muñoz as her attorney in fact and that he made some payments to the latter; that lately defendant was in Puerto Rico and that he thinks that he then owed her some $400; that said defendant entrusted the case to a colored attorney who was a foreigner and whose name he did not remember. When asked if he was called Mr. Wood he answered affirmatively; and stated that he was sued in the municipal court by Doña Rosalía and that he authorized Attorney Ponsa Parés to make a settlement which was effected by issuing a check for the full amount of the debt for the property to Mrs. Sánchez Ocaña; that Mr. Wood received the money from Mr. Ponsa Parés, and signed the document of settlement; that the suit was the cause of the payment; that Attorney Wood himself made the settlement; that the latter received the money and he thinks that Mr. Ponsa took the receipt, the document of settlement, which he identified in court and which was signed by Mr. Wood; that the document was delivered to the

witness as a result of the settlement of the suit in the municipal court, having been signed by Mr. Wood. The said document was offered in evidence and was admitted without objection. The witness continued testifying that after said settlement, Doña Rosalía did not refer to the matter again, nor did she write at any time concerning the mortgage; that last year, if his memory was correct, the defendant visited his home; that she came from the States and she had with her a document or, rather, she found a document in his house which referred to the cancellation of the mortgage and she took it with her; that on said occasion she asked him if he had paid the money to Mr. Wood; that she had been absent from Puerto Rico and that the witness told her that the money had been paid; that Attorney Ponsa was the one who made the settlement with him; that defendant was satisfied with this explanation. The document signed by Attorney O. M. Wood reads thus:

"Received from Mr. Enrique Ponsa Parés, Attorney for Mr. José Vallines, the sum of FOUR HUNDRED AND FIFTY-FIVE DOLLARS, belonging to Doña Rosa Sánchez, on account of the following: THREE HUNDRED AND FIFTY-FIVE DOLLARS, settlement of the claim of said lady pending in the Municipal Court of San Juan, against Vallines, to recover a mortgage debt; and the balance of ONE HUNDRED DOLLARS, in payment of a promissory note signed by Mr. Vallines in favor of Mrs. Sánchez, before Notary Oller Díaz.

"This is a provisional receipt, until next week when the corresponding certificate of release will be executed by Mrs. Sánchez and the promissory note will be returned.

"Bayamón, P. R., August 23, 1919.

"(Sgd.)  O. M. Wood,
"Attorney for Rosa Sánchez."

The document above transcribed and the testimony of José Vallines as to the settlement in the Municipal Court were admitted without objection. Afterwards, Mrs. Sánchez Ocaña objected to the admission of the record of the suit brought in her name by Attorney Wood in the municipal court against Mr. Vallines, because it had not been proved

that the complaint was sworn to by her or that the allegations in the same were made with her advice or consent. The attorney also objected to the admission of said record to prove the acts of defendant, because he did not know whether they were her acts or those of her attorney, and because the relationship between them had not been proved.

The evidence offered and rejected is silent as to the subsequent settlement made according to the uncontradicted testimony of the plaintiff and the document signed by Attorney Wood. Defendant never denied that she was represented in the municipal court by Attorney Wood, nor did she intend to refute the presumption, firmly established by law, that an attorney who appears in representation of a client has the necessary authority for such representation. Mrs. Sánchez Ocaña confined herself to objecting to the admission of the suit as evidence, because the relationship between her and the attorney who appeared representing her had not been proved, disregarding the presumption established by law. Mrs. Sánchez Ocaña never denied that she had authorized her attorney to settle nor did she try to refute the evidence, which was admitted without her objection, concerning said settlement. No objection was made to the document signed by Attorney Wood, nor was its authenticity attacked. The plaintiff testified, without contradiction, that that document was signed by said attorney.

█ Some courts maintain that an attorney has authority to make a compromise in his representative capacity in the name of his client. The majority of the decisions, however, require special authority for an act of this character. The most reasonable doctrine, in our judgment, is that which holds the *prima facie* validity of a settlement made by an attorney in representation of his client, until it is attacked. In the absence of such attack, the existence of special authority in favor of the attorney to make the settlement must be presumed. The Supreme Court of the United States, in the case of *U. S.* v. *Beebe,* 180 U.S. 352, declared that the lack

of authority of an attorney by virtue of his general representation to settle claims of his client is .a question which must not be disputed. Further on the court said:

"A judgment entered upon· such a compromise is subject to be set aside on the ground of the lack of authority in the attorney to make the compromise upon which the judgment rests. *Prima facie,* the act of the attorney in making such compromise and entering or permitting to be entered such judgment is valid, because it is assumed the attorney acted with special authority, but when it is proved he had none, the judgment will be vacated on that ground."

In the instant case Attorney Wood acknowledged receipt of a sum he received as attorney for Mrs. Sánchez in settlement of the suit of said lady in the municipal court against the then defendant José Vallines, to recover a mortgage debt, and offering to execute a certificate of release in favor of said Mr. Vallines. In accordance with the allegation and the proof, we must assume that when Mr. Wood executed said document he had express authority from Mrs. Sánchez Ocaña to make the settlement.

Appellant calls attention to the fact that plaintiff did not offer in evidence any receipt, claiming that he had lost them in the San Felipe hurricane. The presentation of these receipts seems unnecessary, as the attorney in fact of defendant testified that a payment of $300 was made, and that he did not remember whether other payments were made, and as defendant herself in her answer admits that $500 were paid. As to the balance of the debt, there is the receipt issued by her attorney for the sum of $350 in settlement of the suit brought against José Vallines Collazo in the municipal court.

Defendant, who testified by deposition, ratified the allegations of the answer, stating that she had received $500 and that there is still a debt in her favor amounting to $700. We think that, in accordance with the evidence introduced, it has been established that plaintiff has paid the full amount of the debt, and that, therefore, the lower court acted correctly

in sustaining the complaint and dismissing the cross complaint filed by defendant. As to the costs, we do not think that the lower court erred in imposing them on the losing party, in the exercise of its discretion.

The judgment appealed from must be affirmed.

Mr. Justice Travieso took no part in the decision of this case.